UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.	**DECISION AND ORDER**
	14-CR-197-A

ELIJAH IVERSON,

                Defendant.

The defendant, Elijah Iverson, was indicted on October 31, 2014 on drug-trafficking and weapons charges. The case is before the Court on appeal by the United States pursuant to 18 U.S.C. § 3145 of an order that defendant Iverson be afforded pretrial release, conditioned on an electronically-monitored curfew and the posting of a combination of cash and property worth $25,000. The United States argues defendant poses a danger to the community and a flight risk for whom no sufficient conditions of release are available, and that defendant should be detained pending trial pursuant to 18 U.S.C. § 3142(e).

During oral argument of the appeal on November 5, 2014, the United States proffered that, since the conditional release order of Magistrate Judge Jeremiah J. McCarthy on October 31, 2014, the United States has obtained forensic test results showing that 59.3 grams of suspected cocaine base were among items seized by municipal police from defendant Iverson's apartment days before the Indictment was returned. The United States proffered it will seek to charge defendant with possession with intent to distribute 28 grams or more of the alleged cocaine base,

potentially triggering a total mandatory-minimum term of imprisonment for defendant of 15 years.[1]  Upon *de novo* review of all the circumstances, and for reasons stated below, the Court finds no conditions or combinations of conditions will reasonably assure the safety of the community and the appearance of defendant at trial. Accordingly, defendant shall be detained pending trial.

## **BACKGROUND**

Defendant Iverson is charged in an Indictment returned on October 31, 2014 with the following five offenses:

> *Count 1* charges possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C);
>
> *Count 2*  charges possession of marijuana with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(D);
>
> *Count 3* charges maintaining a drug-involved premises in violation of 21 U.S.C. § 856;
>
> *Count 4* charges possession of a firearm in furtherance of drug-trafficking crimes in violation of 18 U.S.C. § 924(c)(1)(A)(i); and
>
> *Count 5* charges possession of a firearm and ammunition by a person who has previously been convicted of a felony in

---

[1]  Defendant Iverson has two prior felony drug offense convictions, either one of which alone may be sufficient to subject him to a mandatory-minimum term of imprisonment of 10 years, if he is charged and convicted of possession with intent to distribute 28 grams or more of cocaine base.  21 U.S.C. § 841(b)(1)(B)(iii); *see* 21 U.S.C. § 851.  Defendant already faces a mandatory-minimum, mandatory-consecutive, 5-year term of imprisonment if he is convicted of possessing a firearm in furtherance of drug trafficking crimes as charged in the 18 U.S.C. § 924(c) count in the Indictment. Defendant also has a prior conviction for a crime of violence.  The Court has not yet been provided sufficient detail about either of defendant's two prior drug felony offenses under N.Y. Penal Law § 220.06 to address whether defendant will be classified for sentencing purposes as a career offender who could face an advisory range of 360 months to life imprisonment pursuant to U.S.S.G. 4B1.1(c)(3) if he is convicted of the § 924(c) offense charged in Count 4 of the Indictment after trial, so the Court does not consider the possibility at this time.

violation of 18 U.S.C. §§ 922(g) and 924(a)(2).

Defendant was arraigned and a detention hearing held before the Magistrate Judge on October 31, 2014.

The United States proffered that the charges in the Indictment arise from seizures from defendant Iverson's apartment by municipal police on October 23, and 24, 2014 of small bags of powder cocaine, two grocery bags containing marijuana, $634 inside a safe, two digital scales, a loaded Ruger, Mini 14, .223 caliber rifle with a 30-round magazine, and 19 rounds of .233 caliber ammunition.  Defendant allegedly made statements suggesting he was selling narcotics.  For example, defendant identified a bag of white powder near a bag of powder cocaine as "cutter,"  a term the police recognized as a reference to  "cut," a substance used to dilute cocaine to increase its volume for resale.  The bag of white powder defendant referred to as cut field-tested positive for cocaine, however.

Defendant Iverson had allegedly called municipal police to come to his apartment complaining of a man in a hallway with a gun.  At some point after permitting the police to enter his apartment, defendant described circumstances suggesting he was a victim of an attempted armed-robbery conspiracy.[2]

Defendant Iverson argues on appeal that the conditions imposed upon his pretrial release by the Magistrate Judge are sufficient to ensure the safety of the community and his appearances in Court as required.  The Magistrate Judge

---

[2]  The government's proffer was unclear as to when defendant Iverson made the statements suggesting he may have been set up for a home-invasion armed robbery, and the record is unclear whether the government proffered the statements to the Magistrate Judge.

ordered defendant to submit to electronic monitoring with a curfew, ordered that defendant would need to post a residence he owns, and in which his mother resides, together with any cash necessary to make the total value of security $25,000, to secure defendant's pretrial release.

## DISCUSSION

Appeal of a magistrate judge's pretrial release order to this Court is to be "determined promptly." 18 U.S.C. § 3145(c). In reviewing the release order, this Court "should not simply defer to the judgment of the [M]agistrate, but [should] reach its own independent conclusion." *United States v. Leon*, 766 F.2d 77, 80 (2d Cir. 1985).

For serious crimes like some of those charged in the Indictment against defendant Iverson -- the possession of a firearm in furtherance of drug-trafficking offense and the Title 21 offenses punishable by ten years or more imprisonment -- a finding of probable cause to believe that such an offense was committed, and that the defendant committed it, gives rise to a rebuttable presumption "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(2). An indictment returned by a grand jury establishes probable cause; no special finding of probable cause by the Court is necessary. *United States v. Contreras*, 776 F.2d 51, 55 (2d Cir. 1985).

When the § 3142(e) rebuttable presumption in favor of detention arises, the United States retains the burden of persuasion if it is seeking detention, and "a

defendant must introduce some evidence contrary to the presumed fact[s] to rebut the presumption." *United States v. Rodriguez*, 950 F. 2d 85, 88 (quotation omitted) (2d Cir. 1991).  "Once a defendant introduces rebuttal evidence, the presumption, rather than disappearing altogether, continues to be weighed along with other factors to be considered when deciding whether to release a defendant." *Id.*  The presumption in favor of detention under § 3142(e) can alone be sufficient to sustain the United States' burdens of proof on danger and serious risk of flight.  *Id.*

The factors to be considered when determining whether there are available conditions of release that will reasonably assure the appearance of a defendant as required and the safety of the community are stated in 18 U.S.C. § 3142(g):

> (1) The nature and circumstances of the offense charged, including whether the offense . . . involves a narcotic drug;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including --(A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearances at court proceedings;
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

*Id.* (ellipsis supplied).

The Court has carefully considered each of the § 3142(g) factors in this case. While defendant Iverson was released on bail after the arrest leading to his first felony drug offense in 2000, when he was 22 years of age, defendant was arrested

for the conduct leading to his second felony, a crime of violence consisting of an attempted burglary of a dwelling. *See* 18 U.S.C. § 3156(a)(4)(B) (defining a crime of violence for Bail Reform Act purposes).   While on parole for his second felony drug offense in 2006, when he was age 28, defendant was arrested on a misdemeanor drug charge, was named in a bench warrant, and was arrested for his second felony drug offense (and third felony) while on bail on that misdemeanor charge.[3] Defendant sustained one felony crime of violence conviction for an attempted illegal burglary of a dwelling committed while on bail fourteen years ago, and sustained his second felony drug offense conviction for conduct while he was on bail eight years ago.

This past record of danger to the community — defendant Iverson continued to commit serious crimes while released on bail — is less serious because of the age of the criminal convictions and defendant's age when he committed the crimes. However, defendant is now 37 and has not been employed in over a year, when he last worked as a dishwasher in a restaurant.  Although defendant's criminal record has been clean for the nearly five years since he was discharged from state parole in November of 2009, he has been employed only in various temporary or short-term positions since then.  Yet he owns a residence in which his mother lives, and for which he claims to receive rent of $600 a month from his mother, while he has lived

---

[3] Defendant Iverson was arrested two other times while on bail for the same misdemeanor drug charge.  Once was for allegations of a felony drug offense that was disposed of by consolidation with defendant's second felony drug offense. The other arrest was resolved by conditional discharge.

at four different addresses since he was paroled.  The proffered evidence is that, in defendant's latest apartment, he illegally possessed a Ruger, Mini 14, .223 caliber rifle, with a round in the chamber, and six or seven rounds in a 30-round magazine, and had the gun in a closet next to two shopping bags of marijuana, a safe containing $634 in cash, and that there was powder cocaine, 59.3 grams of cocaine base, and digital scales, in various other locations in the apartment.

The legal presumptions of danger and of risk of flight pursuant to 18 U.S.C. 3142(e) arise in this case upon probable cause to return the serious charges defendant Iverson faces because Congress has recognized that persons charged even with less serious offenses present a significant risk of pretrial recidivism, and because flight to avoid prosecution is particularly high among such persons.  *See* S. Rep. No. 225, 98th Congress., 1st Sess. 1983, 1984 U.S.C.C.A.N. 3182, 3203.  The serious narcotics-trafficking and crime-of-violence charges defendant Iverson faces establish the rebuttable presumption pursuant to 18 U.S.C. § 3142(e)(2) that the defendant is a substantial risk to engage in criminal activity to the detriment of society and that he will be a danger to the community if he were to be released. *United States v. Rodriguez*, 950 F. 2d 85, 88 (2d Cir. 1991); *see United States v. Leon*, 766 F.2d 77, 81 (2d Cir. 1985) (danger to the community includes "the harm to society caused by [the significant risk of continued] narcotics trafficking").  The defendant's prior record of serious offenses he committed while on bail, and his non-compliance with conditions of court-ordered parole supervision, supports the statutory presumption of a significant risk of recidivism by the defendant.  The Court

finds that electronic monitoring, combined even with any other available condition of release of which the Court is aware, will be insufficient to protect the community from the risk of danger defendant poses.

 The weight of the evidence supporting the drug and gun charges in the Indictment against defendant Iverson seems strong.  When evidence of a defendant's guilt is strong, and when the sentence of imprisonment upon conviction is likely to be long, as is true in this case, a defendant has stronger motives to flee. *United States v. Sabhnani*, 493 F.3d 63, 76 (2d Cir. 2007).  Although defendant has not yet been indicted for possession with intent to distribute 28 grams or more of cocaine base, the Court finds, based on the forensic laboratory test results and other information proffered by the government during argument of the appeal, that there is probable cause for that charge.  Given that defendant may then face a combined mandatory-minimum sentence of imprisonment of 15 years, the weight of the evidence in support of that charge, and the 924(c) charge, creates a strong incentive for defendant to flee.

 Defendant Iverson has some strong ties to family members in this community. He has family ties to New Jersey as well, and the property and cash security that he offered to post to secure his appearance through trial of this case would have left him with sufficient cash to flee to avoid prosecution, according to his report of his financial assets to Pretrial Services.  Although defendant had a very brief opportunity to flee before his arrest after he was indicted, and he did not do so, the Court finds the likely mandatory-minimum and mandatory-consecutive penalties he faces upon

conviction create too strong a risk he will flee.  Electronic-monitoring with even the strictest available combination of conditions does not sufficiently mitigate the risk of flight posed by defendant in the circumstances he faces.

## CONCLUSION

For the reasons stated above, the motion pursuant to 18 U.S.C. § 3145 for revocation of Magistrate Judge McCarthy's oral release order of October 31, 2014 is granted and the defendant, Elijah Iverson, is ordered detained pending trial.

The Court further orders that defendant be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.

The Court further orders that defendant be afforded reasonable opportunity for private consultation with counsel.

Finally, the Court directs that on order of a Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which defendant is confined deliver defendant to a United States Marshal for the purpose of appearance in connection with any court proceeding.

**SO ORDERED.**

                                                    *Richard J. Arcara*
                                            HONORABLE RICHARD J. ARCARA
                                            UNITED STATES DISTRICT COURT

Dated:   November 10, 2014