UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

v.

ELIJAH IVERSON,

        Defendant.

14-CR-197
DECISION & ORDER

---

On July 15, 2016, a jury convicted the defendant, Elijah Iverson, on five counts of distributing drugs and possessing firearms in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(D); 21 U.S.C. § 856(a)(1); and 18 U.S.C. §§ 924(c)(1)(A)(i), 922(g)(1), and 924(a)(2).  Docket Item 107.  On October 25, 2016, this Court sentenced Iverson to an aggregate term of imprisonment of 180 months:  120 months on the charges of distributing drugs and being a prohibited person who possessed a firearm, and 60 months on the charge of possessing a firearm in furtherance of a drug trafficking crime charge, to run consecutively.  Docket Item 118.  The Court also sentenced Iverson to eight years of supervised release after his incarceration ended.  *Id.*

On November 4, 2021, Iverson moved for a reduction in his sentence under section 401 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018).  Docket Item 173.[1]  On November 24, 2021, the government responded, Docket Item 175, and on January 24, 2022, Iverson replied, Docket Item 178.

For the reasons that follow, Iverson's motion is denied.

---

[1] Iverson initially submitted an unsigned version of his motion but later submitted a signed version.  *See* Docket Item 179.

**DISCUSSION**

I.  **THE CHANGES MADE BY SECTION 401 OF THE FIRST STEP ACT DO NOT APPLY RETROACTIVELY TO IVERSON'S SENTENCE.**

The First Step Act, enacted on December 21, 2018, amended 21 U.S.C. § 841(b)(1)(B) to provide that a prior "felony drug offense" no longer triggers a sentencing enhancement from a mandatory minimum term of five years' imprisonment to a mandatory minimum term of ten years on certain drug offenses. Pub. L. No. 115-391, § 401(a)(2)(B), 132 Stat. at 5220-21; *see* 21 U.S.C. § 841(b). As amended, the sentencing enhancement now applies only when a defendant has "a prior conviction for a *serious* drug felony or *serious* violent felony." *Id*. (emphasis added). Serious drug felonies include "offense[s] under State law . . . for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

Iverson argues that under the amended statute, the enhancement would not apply to him. Docket Item 173 at 2-3. Iverson may be correct, but he still is not eligible for relief.

As the government observes, "[s]ection 401 of the First Step Act . . . applies 'to any offense that was committed before the date of enactment of th[e] Act, *if a sentence for the offense has not been imposed as of the date of such enactment*.'" Docket Item 175 at 4 (emphasis added) (quoting Pub. L. No. 115-391, § 401(c), 132 Stat. 5194, 5221). So contrary to Iverson's assertion, *see* Docket Item 173 at 2, the amendment does not apply "retroactively to *any* offense that was committed before the date of the enactment of the change in law" (emphasis added). Because Iverson was sentenced in

2016—that is, because his sentence had been imposed two years before the enactment of the First Step Act—the changes in the First Step Act do not apply to his sentence.

II.     **IVERSON IS NOT ELIGIBLE FOR A SENTENCE REDUCTION UNDER SECTION 404 OF THE FIRST STEP ACT.**

Because Iverson proceeds *pro se*, his claims must be construed liberally. *See Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001) ("It is well settled that *pro se* litigants generally are entitled to a liberal construction of their pleadings, which should be read 'to raise the strongest arguments that they suggest.'" (quoting *Graham v. Henderson,* 89 F.3d 75, 79 (2d Cir. 1996))). As a result, the government construed his motion as also seeking relief under section 404 of the First Step Act, which addressed the retroactive application of the reforms of the Fair Sentencing Act. *See* Docket Item 175 at 3-4. But this Court agrees with the government that Iverson is not eligible for relief under section 404 either.

In 2010, Congress passed the Fair Sentencing Act, Pub. L. No. 111-220, 124 Stat. 2372 (2010), which "marked the culmination of a decades-long effort to address what had been a 100-to-1 disparity between the amounts of crack and powder cocaine required to trigger the mandatory statutory penalties in 21 U.S.C. § 841(b)(1)." *United States v. Davis*, 961 F.3d 181, 184 (2d Cir. 2020) (citing *Dorsey v. United States*, 567 U.S. 260, 266-70 (2012)). "Section 2 of the Fair Sentencing Act increased the threshold quantities of crack cocaine required to trigger each of Section 841(b)(1)'s mandatory statutory penalty ranges," and section 3 eliminated the enhanced penalties for a violation of 21 U.S.C. § 844(a) involving more than 5 grams of cocaine base. *Id.* at 184, 185 n.2; *see* Pub. L. No. 111-220, §§ 2-3, 124 Stat. at 2372, 2372. And in *Dorsey*, the United States Supreme Court held that the Fair Sentencing Act applied to any

defendant sentenced on or after August 3, 2010, regardless of when the offense occurred.  567 U.S. at 264.

Section 404 of the First Step Act provides the following:

> (a) DEFINITION OF COVERED OFFENSE.—In this section, the term "covered offense" means a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372), that was *committed before August 3, 2010*.
>
> (b) DEFENDANTS PREVIOUSLY SENTENCED.—A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Public Law 111–220; 124 Stat. 2372) were in effect at the time the covered offense was committed.
>
> (c) LIMITATIONS.—*No court shall entertain a motion made under this section to reduce a sentence if the sentence was previously imposed or previously reduced in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act of 2010* (Public Law 111–220; 124 Stat. 2372) or if a previous motion made under this section to reduce the sentence was, after the date of enactment of this Act, denied after a complete review of the motion on the merits. Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section.

Pub. L. No. 115-391, § 404, 132 Stat. at 5222 (emphasis added).  In other words, courts are now able to revisit sentences of defendants who were sentenced prior to the passage of the Fair Sentencing Act and were impacted by the disparity that the Act sought to correct.

But Iverson is not eligible for relief because his sentence already was "imposed . . . in accordance with the amendments made by sections 2 and 3 of the Fair Sentencing Act."  *Id.*  In other words, Iverson already received the benefit of the Fair

4

Sentencing Act. In addition, because Iverson was convicted of crimes that he committed in 2014, see Docket Item 119 at 4, his offense was committed after August 3, 2010, and is therefore not a "covered offense" under section 404(a). Therefore, because Iverson already received the benefit of the reforms in the Fair Sentencing Act, and because section 404 of the First Step Act does not apply to his conviction, he is not eligible for relief under that section.[2]

## CONCLUSION

For the foregoing reasons, Iverson's motion to reduce his sentence under the First Step Act, Docket Item 173, is DENIED.

---

[2] This Court does not construe Iverson's motion as requesting compassionate release under 18 U.S.C. § 3582(c)(1)(A). To be eligible for a sentence reduction under that section, a defendant must demonstrate: (1) that he has exhausted administrative remedies, (2) that "extraordinary and compelling reasons warrant such a reduction," and (3) that the factors set forth in 18 U.S.C. § 3553(a) support that reduction. 18 U.S.C. § 3582(c)(1)(A)(i). This Court's denial of Iverson's current motion is without prejudice to his arguing on a subsequent motion that he meets those criteria. And while this Court is unlikely to find that a change of law alone constitutes an extraordinary and compelling reason for a sentence reduction, it may consider that fact along with other proffered reasons, such as health conditions, etc. See, e.g., United States v. Marrero, No. 11-CR-568 (PKC), 2020 WL 7079483, at *3 (S.D.N.Y. Dec. 3, 2020) (considering the defendant's "argument that his sentence would have been lower if he were sentenced today in the context of the overall mix of information presented on his motion"); United States v. Vargas, 502 F. Supp. 3d 820, 826 (S.D.N.Y. 2020) (considering as part of the extraordinary and compelling reasons analysis that "[a] significant disparity therefore exists between Mr. Vargas and those sentenced in this district for similar conduct" following the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005)).

SO ORDERED.

Dated:   July 13, 2022
        Buffalo, New York

                                                  */s/ Lawrence J. Vilardo*
                                            LAWRENCE J. VILARDO
                                            UNITED STATES DISTRICT JUDGE